UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| EDITH POLICH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 07-CV-4053 |
| | ) | |
| v. | ) | |
| | ) | |
| MEDICARE and NORIDIAN | ) | |
| ADMINISTRATIVE SERVICES, L.L.C. | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Edith Polich alleges that she is a Medicare beneficiary who was injured in an incident occurring on or about July 30, 1999, that resulted in a medical negligence claim being filed in state court. (Compl. at ¶¶ 1, 8.) Plaintiff further alleges that, as a result of her injuries, she sought medical care that was conditionally paid for, in whole or in part, by Medicare and that Medicare does have a right of reimbursement to a portion of the settlement proceeds. (*See Id*. at ¶¶ 9, 11.) Plaintiff has brought this action against Medicare and Noridian Administrative Services[1] [hereinafter "the Secretary"] for declaratory relief. (*Id*. at ¶ 1.) Specifically, Plaintiff contends that she has been unsuccessful in finding out how much she must repay Medicare for the medical care she received as a result of the injuries she sustained on or about July 30, 1999 and that the Secretary has failed to comply with applicable time deadlines set forth in 42 C.F.R. § 433.139(d)(2). (*Id*. at ¶¶ 13-16.)

---

[1]Plaintiff has listed "Medicare" and Noridian Administrative Services, L.L.C. as defendants in this case. However, the Secretary of Health and Human Services, acting through the Administrator of the Centers for Medicare & Medicaid Services ("CMS"), has overall responsibility for the Medicare program. 42 U.S.C. § 1395hh(a)(1). It is the Secretary, through his delegate agency, CMS, and not "Medicare" or Noridian Administrative Services, that is the real party in interest in this case. See 42 C.F.R. § 421.5(b).

As a result, Plaintiff requests that this Court enter a declaratory judgment finding that Medicare's right of reimbursement is null and void. (*Id.* at ¶ 18.) However, Plaintiff has not met the jurisdictional requirements of 42 U.S.C. § 405(g), the sole avenue of review of her claim (pursuant to 42 U.S.C. §§ 1395ff(b)(1)(A), 1395ii) because she has not exhausted her administrative remedies. Further, Plaintiff was faxed a letter dated October 29, 2007 from the Medicare Secondary Payer Recovery Contractor ("MSPRC") informing her that she owes Medicare $50,535.61 of the $400,000 settlement proceeds and giving her appeal rights in the event she disagreed with the amount owed. Thus, Plaintiff has received the information that she originally sought to obtain from the Secretary. Accordingly, this Court lacks subject matter jurisdiction and should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1).

## Statutory and Regulatory Background

I.    The Medicare Secondary Payer Provisions Provide for Recovery of Conditional Medicare Payments.

Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, codifies a federally funded health insurance program for the elderly and disabled known as Medicare. *See* 42 U.S.C. §§ 1395c, 1395d, 1395j, 1395k. The Secretary of Health and Human Services ("HHS") administers the Medicare program through the Centers for Medicare & Medicaid Services ("CMS"), an agency within HHS. 42 U.S.C. § 1395kk. CMS, in turn, enters into agreements with private entities, known as Medicare administrative contractors, to perform certain functions, including determining whether benefits are due, calculating the amount of benefits, and making actual payment of benefits out of the Medicare trust funds. 42 U.S.C. § 1395kk-1.

In the Omnibus Reconciliation Act of 1980, Pub. L. 96-499, § 953, Congress amended Title XVIII of the Social Security Act to make Medicare payment secondary to payments by certain third-

party insurance, including liability insurance. The amendments are codified at 42 U.S.C § 1395y(b) and are referred to as the Medicare Secondary Payer ("MSP") provisions. The MSP provisions require that private insurance sources, including liability and no-fault insurance plans, will be used for primary payment of medical services whenever such insurance coverage is applicable. As pertinent to this case, the MSP provisions state that Medicare payment may not be made for any item or service whenever payment has been made, or can reasonably be expected to be made, under a liability insurance policy, unless the Medicare payment is conditioned on reimbursement to the Medicare trust fund from payment by the primary insurer. 42 U.S.C. §§ 1395y(b)(2)(A)(ii), (B)(i).

The MSP provisions state that Medicare will not pay for medical items and services if "payment has been made or can reasonably be expected to be made under a workmen's compensation law or plan of the United States or a State or under an automobile or liability insurance policy or plan (including a self-insured plan) or under no fault insurance." 42 U.S.C. § 1395y(b)(2)(A)(ii). However, the MSP provisions permit Medicare to pay for covered items and services if a plan described in subsection (A)(ii) "cannot reasonably be expected to make payment . . . promptly," but make clear that any such payment is "conditioned on reimbursement to the appropriate Trust Fund . . . ." 42 U.S.C. § 1395y(b)(2)(B)(i); *see also United States v. Baxter Int'l*, 345 F.3d 866, 875 (11th Cir. 2003) (citing *Cochran v. Health Care Fin. Admin.*, 291 F.3d 775, 777 (11th Cir. 2002)). Finally, 42 U.S.C. § 1395y(b)(2)(B)(ii) requires primary plans and entities receiving payment from a primary plan to reimburse the appropriate Medicare Trust Fund "for any payment made by the Secretary . . . if it is determined that such primary plan has or had a responsibility to make payment . . . ."

If the Medicare program is not reimbursed for conditional payments made on a beneficiary's

behalf, the MSP provisions afford the United States several avenues of recovery. First, the United States "may bring an action against any or all entities that are or were required or responsible . . . to make payment" and "may . . . collect double damages against any such entity." 42 U.S.C. § 1395y(b)(2)(B)(iii); *see also* 42 C.F.R. § 411.24(e). Second, the United States may recover from "any entity that has received payment from a primary plan or from the proceeds of a primary plan's payment to any entity." 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.24(g). Finally, in addition to these direct rights of action, Congress provided the United States with a separate subrogation right, subrogating CMS to the rights of any individual or any other entity entitled to payment by a third-party payer. 42 U.S.C. § 1395y(b)(2)(B)(iv); *see also* 42 C.F.R. § 411.26(a).

    II.    The Medicare Act Establishes an Administrative Review and Appeal Process.

The Medicare Act provides beneficiaries a carefully crafted administrative review and appeal process. *See* 42 U.S.C. § 1395ff(b)(1); *see also Fanning v. United States*, 346 F.3d 386, 400-01 (3d Cir. 2003) (noting that administrative review of MSP overpayments and waiver determinations is clearly provided for by statutory scheme). The administrative review scheme is set forth in 42 C.F.R. Subpart I, § 405.900 *et seq.* A Medicare contractor makes the initial reimbursement decision on a claim for medical services. 42 C.F.R. §§ 405.904(a)(2), 405.920. If dissatisfied, the Medicare beneficiary may request that the contractor make a redetermination. 42 C.F.R. §§ 405.904(a)(2), 405.954. The Medicare beneficiary may seek reconsideration of the redetermination decision from a qualified independent contractor ("QIC"). 42 C.F.R. §§ 405.904(a)(2), 405.960. If the Medicare beneficiary is dissatisfied with the QIC's reconsideration decision, the Medicare beneficiary may request a hearing before an administrative law judge (ALJ) if the amount in controversy requirement is met. 42 C.F.R. §§ 405.904(a)(2), 405.1000, 405.1006. The Medicare beneficiary may request

that the Medicare Appeals Council ("MAC") review the ALJ's decision. 42 C.F.R. §§ 405.904(a)(2), 405.1048. Only after the Medicare beneficiary exhausts these administrative remedies is the Secretary's decision final for purposes of judicial review. A Medicare beneficiary who has obtained a "final decision of the [Secretary] made after a hearing" may obtain judicial review of the decision by filing an action in federal district court. 42 U.S.C. § 405(g).[2] The Medicare Act makes clear that this route is the sole avenue for judicial review of beneficiary's claims relating to Medicare overpayment determinations. 42 U.S.C. § 1395ii (incorporating 42 U.S.C. § 405(h)); 42 U.S.C. § 1395ff(b)(1)(A) (referring to 42 U.S.C. § 405(g)).

Argument

The courts of the United States are courts of limited jurisdiction. Thus, an action is presumed to lie outside the limited jurisdiction of the federal courts unless the party asserting jurisdiction successfully bears its burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the United States Supreme Court has instructed: "Without jurisdiction the court cannot proceed at all in any cause. . . . The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523

---

[2] 42 U.S.C. § 405(g) provides in relevant part:

Any individual, after any final decision of the [Secretary] made after a hearing to which he was a party, . . . , may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing. . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions.

5

U.S. 83, 94 (1998) (internal quotation marks and alterations omitted).  Absent proper jurisdiction, a court must merely note the jurisdictional defect and dismiss the suit.  *Id.* ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotation marks and alterations omitted).

Here, Plaintiff has not met her burden of establishing jurisdiction over the allegations of her Complaint.  Plaintiff has not completed the statutorily-mandated administrative review process necessary to confer jurisdiction on this Court under 42 U.S.C. § 405(g).  Moreover, the other jurisdictional basis alleged in the Complaint, 28 U.S.C. § 1331, does not provide this Court with jurisdiction under the circumstances presented here.  (Compl. at ¶ 3.)  The Complaint must, accordingly, be dismissed in its entirety.

> I. This Court Lacks Subject Matter Jurisdiction Because the Medicare Act Prohibits District Court Review Prior to Exhaustion of the Administrative Process.

The Medicare Act, by operation of 42 U.S.C. § 1395ii, incorporates 42 U.S.C. § 405(h), which provides in relevant part:

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary] or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

Thus, the plain language of the statute withholds federal court jurisdiction in Medicare cases except where the Medicare Act expressly grants such jurisdiction.  Such jurisdiction is granted only by 42 U.S.C. § 405(g), pursuant to 42 U.S.C. § 1395ff(b)(1).  Under that section, jurisdiction arises only by judicial review of a final agency decision.  Exhaustion of administrative remedies is thus mandated by the Medicare Act.  *Heckler v. Ringer*, 466 U.S. 602, 615 (1984), *citing Weinberger v.*

*Salfi*, 422 U.S. 749, 760-61 (1975) (finding that section 405(g) "to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act").

The Supreme Court confirmed the plain implications of 42 U.S.C. § 405(h) in *Shalala v. Illinois Council on Long Term Care*, 529 U.S. 1 (2000). In that case, the Court noted that "the bar of [section] 405(h) reaches beyond ordinary administrative law principles of 'ripeness' and 'exhaustion of administrative remedies,' . . . doctrines that in any event normally require channeling a legal challenge through the agency." *Id.* at 12. Section 405(h), the Court held, "demands the 'channeling' of virtually all legal attacks through the agency . . . ." *Id.* at 13.

Three Circuit Courts of Appeals have addressed the application of sections 405(g) and 405(h) specifically in the context of MSP claims, and all three have ruled in the Secretary's favor, finding that the claims arose under the Medicare Act and that the district courts lacked subject matter jurisdiction for failure to exhaust administrative remedies. *Buckner v. Heckler*, 804 F.2d 258, 259 (4th Cir. 1986); *Cochran*, 291 F.3d at 778-79 (11th Cir. 2002); *Fanning*, 346 F.3d at 391-400 (3d Cir. 2003). In light of these appellate cases and other authority,[3] there can be no doubt that the relief requested in Plaintiff's Complaint "arises under" the Medicare Act. The Medicare Act provides the substantive basis for determining the amount of conditional payments that Plaintiff may owe from her medical negligence action settlement. The determination of those matters is precisely the kind

---

[3] In addition to the three appellate cases discussed above, at least seven recent district court cases have held that suits pertaining to Medicare's recovery right under the MSP statute constituted claims arising under the Medicare Act. *Maresh v. Thompson*, 290 F. Supp. 2d 737, 738-739 (N.D. Tex. 2003); *Baughan v. Thompson*, 2003 WL 22295354, *2 (W.D. Va. Sept. 30, 2003); *Nygren v. United States*, 268 F. Supp. 2d 1275, 1277-79 (W.D. Wash. 2003); *Bird v. Thompson*, 315 F. Supp. 2d 369, 372-74, (S.D.N.Y. 2003); *Truett v. Bowman*, 288 F. Supp. 2d 909, 910-912 (W.D. Tenn. 2003); *Hoste v. Shanty Creek Mgmt*,, 246 F. Supp. 2d 784, 788-89 (W.D. Mich. 2002); *Estate of Barbeaux v. Lewis*, 196 F. Supp. 2d 519, 521-22 (W.D. Mich. 2002); *see also Washington Hosp. Ctr. v. Beaner*, 1993 WL 152423 (D.D.C. Apr. 28, 1993).

of question that must first be presented to the agency. *Illinois Council*, 529 U.S. at 13.

On October 29, 2007, the MSPRC faxed a letter to Plaintiff's attorney listing all of the conditional payments, totaling $69,113.99, that Medicare had made for medical care she received as a result of injuries sustained due to medical negligence and demanding that she repay $50,535.61 out of the $400,000 settlement proceeds. (Ex. 1.) If Plaintiff disagrees with Medicare's determination of its claim amount, she may seek review of Medicare's claim amount through the administrative appeals process as instructed in the October 29, 2007 letter. Because Plaintiff has not yet exhausted her administrative remedies, this Court lacks subject matter jurisdiction over the complaint.

II.     No Other Waiver of Sovereign Immunity Provides Jurisdiction Here.

The United States, as a sovereign entity, is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Such consent can be effected only by an express and unequivocal waiver of sovereign immunity by Congress, and cannot be implied. *Id.* at 538. Moreover, a waiver of sovereign immunity must be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff cites to 28 U.S.C. § 1331 as a basis for jurisdiction over the United States. However, this provision does not waive the United States' sovereign immunity under these circumstances.

The law is abundantly clear that 28 U.S.C. § 1331 does not create any substantive rights that can be enforced against the United States; it is not a waiver of sovereign immunity. *See Hagemeier v. Block*, 806 F.2d 197, 202-03 (8th Cir. 1986); *Clinton Cty. Comm'rs. v. United States Envtl. Prot. Agency*, 116 F.3d 1018, 1021 (3rd Cir. 1997). More importantly, as discussed above, the Medicare Act expressly precludes judicial review under section 1331. 42 U.S.C. § 405(h); *see also Your*

*Home Visiting Nurse Servs. v. Shalala*, 525 U.S. 449, 456 (1999); *Ringer*, 466 U.S. at 615. Thus, the plain language of the statute applicable to this action precludes federal jurisdiction except pursuant to section 405(g) by judicial review of a final decision of the Secretary after a hearing. As the Secretary has not issued a final agency decision after a hearing for Plaintiff, section 1331 provides no sovereign immunity waiver here.

      III.    42 C.F.R. § 433.139 Does Not Apply to the Medicare Program

In addition to the fact that this Court lacks jurisdiction over Plaintiff's complaint, the Secretary notes that the basis alleged by Plaintiff for declaring the Secretary's interest in the settlement proceeds null and void does not apply to the Medicare program. Plaintiff contends that the Secretary, in not previously providing Medicare's claim amount, failed to comply with applicable time deadlines set forth in 42 C.F.R. § 433.139(d)(2). 42 C.F.R. § 433.139(d)(2) provides that:

> [e]xcept as provided in paragraph (e) of this section [which provides for waiver of these requirements], if the agency learns of the existence of a liable third party after a claim is paid, or benefits become available from a third party after a claim is paid, the agency must seek recovery of reimbursement within 60 days after the end of the month it learns of the existence of the liable third party or benefits become available.

This regulation is part of Subpart D of Part 433 of Volume 42 of the Code of Federal Regulations, which sets forth State Plan requirements relating to third party liability for services provided under Medicaid. 42 C.F.R. § 433.135; 42 U.S.C. §§ 1396a(a)(25), 1396a(a)(45), 1396k(a)(1)(C). The Medicaid program, which is distinct from the Medicare program, is a cooperative federal-state program that provides medical assistance to low-income persons and other individuals who face serious financial burdens in paying for needed medical care. 42 U.S.C. §§ 1396 *et seq.*; 42 C.F.R. §§ 430.0 *et seq.* (implementing regulations). The primary purpose of the Medicaid program is to

"enabl[e] each State, as far as practicable under the conditions in such State, to furnish . . . medical assistance on behalf of families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services . . . ." 42 U.S.C. § 1396. To participate in the Medicaid program, a State must submit a plan for medical assistance (a State Plan) to CMS, which administers Medicaid on behalf of the Secretary. 42 U.S.C. § 1396a. Because the regulation cited by Plaintiff applies to Medicaid, and not Medicare, it is not applicable to this case.

## Conclusion

Wherefore, for all of the foregoing reasons, the Secretary respectfully requests that this Court grant its motion and dismiss this case in its entirety.

    Respectfully submitted,


    RODGER A. HEATON
    United States Attorney


    s/:GERARD A. BROST
    GERARD BROST
    Assistant United States Attorney
    100 N.E. Monroe, Room 216
    Peoria, Illinois 61602
    (309) 671-7050


Of Counsel:

DANIEL MERON
General Counsel

ALAN S. DORN
Acting Chief Counsel, Region V

DIANA M. ANTHONY
Assistant Regional Counsel
Office of the General Counsel, Region V
U.S. Department of Health and Human Services
233 N. Michigan Ave., Suite 700
Chicago, IL 60601

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2007, I electronically filed DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Warner

and I hereby further certify that I have mailed , by United States Postal Service, the DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT to the following non CM/ECF participants:

N/A

s/: LISA BURNSIDE
Lisa Burnside
Paralegal Specialist
